IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN DOE (a pseudonym), on behalf of himself
and all others similarly situated            PLAINTIFF

v.                    No. 4:15-cv-00640 JM

AVID LIFE MEDIA, INC., an Ontario corporation, and
AVID DATING LIFE, INC., an Ontario Corporation,
d/b/a ASHLEY MADISON                  DEFENDANTS

## DEFENDANTS' MOTION TO DISMISS

Defendants Avid Life Media, Inc. and Avid Dating Life, Inc. (together, "Avid"), pursuant to Federal Rules of Civil Procedure 10(a), 12(b)(1), 12(b)(2), 12(b)(6), 17(a)(1), and 41(b), move to dismiss and, in support, state as follows:

1.  The Federal Rules of Civil Procedure require that a complaint include the true name of all parties. Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). Thus, "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must *first* petition the district court for permission to do so." *W.N.J. v. Yocum*, 257 F.3d 1171, 1172 (10th Cir. 2001) (emphasis added). Where no permission is granted, the case must be dismissed. *Id.*

2.  In failing to comply with Rule 10(a), Plaintiff has failed to invoke the subject-matter jurisdiction of the Court (Rule 12(b)(1)), failed to provide the Court with personal jurisdiction over the parties (Rule 12(b)(2)), and failed to plead any claim upon which relief can be granted (Rule 12(b)(6)). Plaintiff's purported action is further subject to dismissal under Rule 41(b) for failure to comply with the requirements of Rules 10(a) and 17(a)(1).

3.  Moreover, any attempt to proceed pseudonymously would have failed because Plaintiff could not demonstrate the "exceptional circumstances" necessary to justify pseudonymous pleading. Courts have allowed pseudonymous pleadings only in "the exceptional

case" in which "the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in the judicial proceeding." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).  There are no "exceptional" circumstances here, and the interest of the public in an open proceeding is particularly strong because Plaintiff not only seeks relief on his own behalf but also seeks to act as a representative on behalf of a putative class.

WHEREFORE, for the foregoing reasons and for those set forth in Avid's accompanying brief in support, Avid Life Media, Inc. and Avid Dating Life, Inc. respectfully request that this Court enter an order dismissing Plaintiff's amended complaint and conditioning any leave to amend on Plaintiff's complying with Federal Rules 10(a) and 17(a)(1) by pleading under his true name.

Dated:  November 23, 2015.

        QUATTLEBAUM, GROOMS & TULL PLLC
        111 Center Street, Suite 1900
        Little Rock, Arkansas  72201
        Telephone:  (501) 379-1700
        Facsimile:  (501) 379-1701
        cchiles@qgtlaw.com


By: /s/ E. B. Chiles IV
    E. B. Chiles IV (96179)

*Attorneys for Defendants Avid Life Media, Inc. and Avid Dating Life, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie A. Linam, Esq.
stephaniealinam@gmail.com

Charles D. Davidson, Esq.
skipd@dlf-ar.com

David L. Gershner, Esq.
davidg@dlf-ar.com

Christopher D. Jennings, Esq.
cjennings@johnsonvines.com

/s/ E. B. Chiles IV
E. B. Chiles IV