IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN DOE (a pseudonym), on behalf of himself
and all others similarly situated                                               PLAINTIFF

v.                                          No. 4:15-cv-00640 JM

AVID LIFE MEDIA, INC., an Ontario corporation, and
AVID DATING LIFE, INC., an Ontario Corporation,
d/b/a ASHLEY MADISON                                                      DEFENDANTS

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**I.    Introduction**

As a rule, "parties to a lawsuit must identify themselves in their respective pleadings."

*Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Specifically, the Federal Rules of Civil

Procedure require that a "complaint must name all the parties," Fed. R. Civ. P. 10(a), and

"provide no exception that allows parties to proceed anonymously or under fictitious names

. . . ." *W.N.J. v. Yocum*, 257 F.3d 1171, 1172 (10th Cir. 2001). While some courts have

recognized a limited exception to this general rule in "exceptional cases," a party wishing to

proceed under this exception must first obtain permission from the district court. Where, as here,

a party purports to proceed pseudonymously without obtaining prior permission, the improper

pseudonymous complaint must be dismissed.

Even if Plaintiff had sought prior permission, Plaintiff could not justify a request to

proceed pseudonymously. There is a strong presumption against allowing parties to use a

pseudonym, and plaintiffs are permitted to proceed pseudonymously only in exceptional

circumstances where matters of a highly sensitive and personal nature outweigh the public's First

Amendment interest in open proceedings. No exceptional circumstances exist here. Plaintiff has

chosen to proceed in court (despite a contractual requirement that he bring his claims in

arbitration), and "[t]he people have a right to know who is using their courts." *Doe v Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).  Indeed, the public's interest in knowing Plaintiff's identify is particularly strong here where he seeks to act as a class representative on behalf of a putative class.

Avid notes that it cannot seek to compel arbitration at this time because Avid does not know Plaintiff's true identity and thus cannot confirm whether he is truly a member of AshleyMadison.com subject to the contractual arbitration agreement.  Avid files this motion solely to contest whether Plaintiff has properly pleaded under a pseudonym and in an effort to ascertain Plaintiff's identity.  Once Avid learns Plaintiff's true identity, Avid intends to seek an order compelling Plaintiff to arbitrate his claims.  Thus, by filing this motion, Avid does not waive its rights to seek arbitration but expressly preserves all such rights.

Avid, therefore, respectfully requests that the Court dismiss Plaintiff's improper pseudonymous complaint and condition any leave to amend on Plaintiff's filing an amended complaint in compliance with the Federal Rules by pleading under his true name.

## II.    Argument

### A.    Plaintiff's Improper Pseudonymous Complaint Must Be Dismissed Because He Has Not Obtained Permission To Proceed Under A Pseudonym

The Federal Rules of Civil Procedure require that a complaint include the true name of all parties.  Fed. R. Civ. P. 10(a) ("The title of a complaint must name all parties."); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  "The Rules provide no exception that allows parties to proceed anonymously or under fictitious names . . . ." *W.N.J.*, 257 F.3d at 1172; *see Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979).

Courts have recognized a judicially created exception to the rules to allow a plaintiff to proceed under a pseudonym in "exceptional cases" in which "the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323. To proceed pseudonymously under this judicially created exception, however, a plaintiff must seek *prior* permission from the district court. *W.N.J.*, 257 F.3d at 1172. If a plaintiff tries to proceed under a pseudonym without obtaining permission from the district court, the case must be dismissed. *Id.*; *see, e.g.*, *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exchange v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (same); *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. 2005) (unpublished) ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case."); *Broussard v. Waldron School Dist.*, 866 F. Supp. 2d 1042, 1048-49 (W.D. Ark. 2011) (requiring plaintiff to file amended complaint under his true name or face "immediate dismissal of his claims . . . ."); *Estate of Rodriguez v. Drummond Co., Inc.*, 256 F. Supp. 2d 1250, 1256 (N.D. Ala. 2003) (because "the plaintiffs in this case failed to seek leave to proceed anonymously," "[a]ll claims asserted by the individual unnamed plaintiffs are dismissed . . . ."); *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1079 (N.D. Iowa 1999) (granting motion to dismiss and conditioning leave to amend on plaintiff's pleading under her true name); *Doe v. Lake Oswego School Dist.*, No. 3:15–cv–00385–ST, 2015 WL 5023093, at *5 (D. Or. Aug. 20, 2015) (granting motion to dismiss with leave to amend to state true names); *Doe v. John F. Kennedy University*, No. C–13–01137 DMR, 2013 WL 4565061, at *11 (N.D. Cal. Aug. 27, 2013) (same).

Thus, because Plaintiff has not obtained permission from this Court to proceed under a pseudonym, his improper pseudonymous complaint must be dismissed and any leave to amend

should be conditioned on Plaintiff's complying with the requirements of Federal Rules 10(a) and 17(a)(1) by pleading under his true name.

    **B.**    **Plaintiff Could Not Have Demonstrated The Exceptional Circumstances Necessary To Justify Proceeding Under A Pseudonym**

Even if Plaintiff had complied with the proper procedure and requested this Court's permission to proceed under a pseudonym, Plaintiff could not show the "exceptional circumstances" required to overcome the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323.

As a rule, "parties to a lawsuit must identify themselves in their respective pleadings." *Id.* at 322. "This rule serves more than administrative convenience." *Id.* "One of the essential qualities of a Court of Justice is that its proceedings should be public," and "[i]dentifying the parties to the proceeding is an important dimension of publicness." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Thus, "[p]seudonymous litigation undermines the public's right to access the judicial process." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). This is particularly true in the context of a class action, where a plaintiff seeks to represent a putative class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests. "Basic fairness dictates that those among the defendants' accusers who wish to participate in [the] suit as individual plaintiffs must do so under their real names." *Southern Methodist University*, 599 F.2d at 712.

Courts, therefore, have allowed pseudonymous pleadings only in "the exceptional case" in which "the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in the judicial proceeding." *Frank*, 951 F.2d at 323; *see Roe v. St. Louis University*, 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. April 2, 2009) ("[A] totality-of-the-circumstances balancing test must be used when

deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff, 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'") (citation omitted).  As noted, the interest of the public is particularly strong here because Plaintiff seeks relief not only on his own behalf but also as a representative on behalf of a putative class.

While the Eighth Circuit has not provided guidance on when a substantial privacy right exists that may warrant use of a pseudonym, district courts in this Circuit have identified "three factors which, if present, might support anonymity":  (1) "plaintiffs seeking anonymity were suing to challenge governmental activity"; (2) "prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy'"; or (3) "plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution."  *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998) (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)); *see also St. Louis Univ.*, 2009 WL 910738, at *3.

Since Plaintiff has not sought permission to proceed pseudonymously, Avid can only speculate regarding how he would purport to justify this extraordinary procedure.  Certainly, however, neither the first nor third factor could apply to this case – there is no challenge to governmental activity, and no illegal conduct is implicated by Plaintiff's complaint.

That leaves only factor two as even a possible basis to support his use of a pseudonym.  But, the issues in this alleged data-breach case are far removed from any case in which a federal court has ever allowed pseudonymous pleadings to protect "information of the utmost intimacy."  Indeed, permission to proceed under a pseudonym has generally been limited to cases involving sexual assault, "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."  *Megless*, 654 F.3d at 408; *see, e.g.*, *St. Louis*

*Univ.*, 2009 WL 910738, at *4-5; *Luckett*, 21 F. Supp. 2d at 1030. In contrast, courts have consistently held that arguments that a party may face "social stigma, embarrassment, and economic harm" if he proceeds under his true name are *not* the "special harms required in order to proceed anonymously."  *Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008); *see, e.g.*, *Frank*, 951 F.2d at 324 ("[T]he fact that Doe may suffer some personal embarrassment . . . does not require the granting of his request to proceed under a pseudonym."); *Megless*, 654 F.3d at 408 ("That a plaintiff may suffer embarrassment or economic harm is not enough."); *K.W. v. Holzapple*, 299 F.R.D. 438, 442 (M.D. Pa. 2014) (plaintiffs' arguments that they will face "embarrassment in front of peers and professors along with the possible denial of future employment benefits" not sufficient to "justify an exception to one of the hallmarks of the American democracy, the openness of our courts.").  Avid is unaware of any alleged data-breach case in which a plaintiff has ever tried – much less succeeded – in obtaining permission to proceed under a pseudonym.

Finally, Plaintiff may argue that he should be allowed to proceed under a pseudonym because the AshleyMadison.com website allows members to protect their anonymity.  It is true that AshleyMadison.com gives members tools to protect their own identities:  Members are not asked their true names, emails do not require verification, photographs uploaded to the website may be disguised, and anonymous payments may be made by using gift cards from over 90 major brands.  Thus, members can and do use and pay for services on the website without ever providing any personal information that would allow anyone, including Avid, to determine their true identities.

As a legal matter, however, no action or agreement between the parties can waive the public's constitutionally based right to open courts – even Avid's express consent would be

insufficient to allow Plaintiff to proceed under a pseudonym. *See Blue Cross & Blue Shield*, 112 F.3d at 872 ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts.").   As a factual matter, AshleyMadison.com members have the ability to protect their anonymity in disputes with the company through a contractual arbitration provision, which provides that members may request that the proceedings remain confidential. But, by instead purporting to file an action in court, Plaintiff (assuming he is or was a member of AshleyMadison.com) not only breached the contractual arbitration provision but also voluntarily subjected himself to the requirements of the courts – including that he proceed only under his true name.

Thus, while Plaintiff has not properly sought permission to proceed under a pseudonym, any attempt to proceed pseudonymously would have failed because Plaintiff cannot show the "exceptional circumstances" necessary to justify pseudonymous pleading.

## III.   <u>Conclusion</u>

For the foregoing reasons, Avid respectfully requests that this Court enter an order dismissing Plaintiff's amended complaint and conditioning any leave to amend on Plaintiff's filing an amended complaint in compliance with the Federal Rules by pleading under his true name.

Dated:  November 23, 2015.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas  72201
Telephone:  (501) 379-1700
Facsimile:  (501) 379-1701
cchiles@qgtlaw.com


By: /s/ E. B. Chiles IV
     E. B. Chiles IV (96179)

*Attorneys for Defendants Avid Life Media, Inc. and
Avid Dating Life, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie A. Linam, Esq.
stephaniealinam@gmail.com

Charles D. Davidson, Esq.
skipd@dlf-ar.com

David L. Gershner, Esq.
davidg@dlf-ar.com

Christopher D. Jennings, Esq.
cjennings@johnsonvines.com


/s/ E. B. Chiles IV
E. B. Chiles IV