IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN DOE (a pseudonym), on behalf of himself
and all others similarly situated.                                                            PLAINTIFF

VS.                                    No. 4:15-CV-00640-JM

AVID LIFE MEDIA, INC., *et al.*                                                              DEFENDANTS

## ORDER

For the reasons set out below, Plaintiff's Motion to Remand (Doc. No. 9) is DENIED.

Defendants removed this case based on federal question jurisdiction. After removal, Plaintiff voluntarily dismissed the federal law claim and filed a motion to remand. First, "jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated."[1] It is undisputed that federal question existed at the time of removal. Second, diversity jurisdiction exists.[2] The Amended Complaint alleges that Plaintiff is a citizen of Arkansas and Defendants are Canadian corporations with principal places of business in Toronto Canada -- complete diversity exists. Additionally, despite Plaintiff's claim to the contrary, his attorneys' fees alone likely would exceed the $75,000 threshold – even before adding on the request for compensatory damages, punitive damages, statutory interest and penalties, etc.

IT IS SO ORDERED this 8th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir.2006) (citing *Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1067-68 (8th Cir. 1996)).

[2] Diversity jurisdiction exists when there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.