**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOHN DOE (a pseudonym), on behalf of himself**
**and all others similarly situated.**                                         **PLAINTIFF**

**VS.**                              **No. 4:15-CV-00640-JM**

**AVID LIFE MEDIA, INC.,** *et al.*                                      **DEFENDANTS**

**ORDER**

Pending is Defendants Motion to Dismiss (Doc. No. 12).  Plaintiff has responded.[1]  For

the reasons set out below, the motion is DENIED.  However, Plaintiff must amend the complaint

to remove the pseudonym and include his proper name.

**I.      BACKGROUND**

Plaintiff was a customer of Defendants' website known as Ashleymadison.com, the self-

described "world's leading married dating service for *discreet* encounters."[2]  In the summer of

2015, hackers broke into the website's database and stole information about Defendants'

customers.  Among other things, Plaintiff claims that Defendants were negligent in storing the

personal information and were unjustly enriched when they charged customers for a "paid-

delete" service (which allegedly deleted all personal information when customers paid extra for

the service), but Defendants did not actually delete the information.

**II.      DISCUSSION**

Defendants contend that this case should be dismissed because Plaintiff improperly filed

the case under a pseudonym.  Under the Federal Rules of Civil Procedure, "a complaint must

---

[1]Doc. No. 15.

[2]*See* www.ashleymadison.com (emphasis in original).

name all the parties . . . ."[3]  There is a "strong presumption in favor of parties proceeding in their own names."[4]  "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings."[5]

However, there are exceptions.  The Court of Appeals for the Eleventh Circuit[6] has held that when a plaintiff asserts privacy concerns that may warrant proceeding anonymously, a court should consider the following: (1) is the plaintiff challenging a government activity? (2) will the plaintiff "be required to disclose information of the utmost intimacy?" (3) is there risk of criminal prosecution for admissions that may be made by the plaintiff?[7]  Question 2 is the only one at issue in this case.  However, the cases cited by Plaintiff are not akin to the situation here.  Requiring Plaintiff to proceed without anonymity does not, as Plaintiff claims, expose his "sexual habits [to] public scrutiny."[8]  Rather, it simply reveals that at one time he was a member of a website that catered to individuals who wanted to have "discreet relationships."  The details of whether Plaintiff did anything beyond signing up are not relevant to the claims in the complaint, which means there would be no revelation of Plaintiff's sexual proclivities.  Plaintiff's privacy concerns do not outweigh the "strong presumption" in favor of requiring a party to proceed under his own name.

---

[3]Fed. R. Civ. P. 10(a).

[4]*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

[5]*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

[6]The Court of Appeals for the Eighth Circuit has not set out a test for assessing whether a party may proceed anonymously.

[7]*Plaintiff B*, 631 F.3d. at 1316.

[8]Doc. No. 15.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to

Dismiss (Doc. No. 12) is DENIED.  However, Plaintiff is directed to file an amended complaint,

using his real name, by 5 p.m., Wednesday, December 23, 2015.

IT IS SO ORDERED this 14th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE